UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CATHY DARLENE RIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-CV-289 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# ORDER

This Social Security matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated January 11, 2022. [Doc. 33]. In that Report and Recommendation, the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment, [Doc. 27], be denied, and Defendant's Motion for Summary Judgment, [Doc. 31], be granted. Plaintiff has filed objections to this recommendation. [Doc. 34]. After careful and *de novo* consideration of the record as a whole, including the Administrative Transcript, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby **ORDERED** that Plaintiff's objections are **OVERRULED**, that the Report and Recommendation is **ADOPTED** and **APPROVED**, [Doc. 33], that Plaintiff's Motion for Summary Judgment, [Doc. 27], is **DENIED**, and that Defendant's Motion for Summary Judgment, [Doc. 31], is **GRANTED**.

Plaintiff first argues in her objections that the Court should reject the Magistrate Judge's recommendation that the Administrative Law Judge ("ALJ") properly evaluated the opinion of examining physician Dr. Stephen K. Goewey. [Doc. 34, at 1]. Specifically, Plaintiff argues that:

(1) the Magistrate Judge accepted conclusions from the ALJ that improperly relied upon misconstrued testimony regarding Plaintiff's job performance [*Id.* at 1–3]; (2) the Magistrate Judge improperly relied upon the ALJ's consideration of Plaintiff's daily living activities in relation to her physical limitations [*Id.* at 3]; (3) the ALJ did not have a sufficient basis to find Dr. Goewey's opinion unpersuasive based on his role as a consulting examiner [*Id.* at 3–4]; and (4) the Magistrate Judge erred in finding that the ALJ's assessment of Dr. Goewey's opinion was consistent with the record [*Id.* at 4–6].

The Court finds that the Magistrate Judge was correct in concluding that substantial evidence supported the ALJ's determination with respect to Dr. Goewey's opinion. Taking Plaintiff's arguments in turn, it is initially important to note that Plaintiff was examined by Dr. Goewey in October 2018. [Doc. 17, at 18, 404–07]. Plaintiff faults the Magistrate Judge for "assert[ing] the ALJ 'considered that Plaintiff reported her work as a painter required her to climb ladders, lift paint cans, and reach overhead to paint,' where these activities were inconsistent with the limitations imposed by Dr. Goewey." [Doc. 34, at 1]. In arguing that the ALJ misconstrued Plaintiff's testimony about her job performance, Plaintiff points largely to conflicting testimony from a hearing conducted in January 2020, over a year after Dr. Goewey's examination. Plaintiff argues that her January 2020 testimony reflects what her limitations are regarding her disability. In her testimony before the ALJ, Plaintiff stated that she only rarely used a step-up ladder, that she no longer lifted paint cans, and that her work had been reduced to simple taping, masking, and supervisory duties. [Doc. 34, at 1–2; Doc. 17, at 39–53].

However, Plaintiff's testimony in January 2020 notably differs from statements made by Plaintiff more contemporaneously to Dr. Goewey's examination. In a July 2018 work evaluation, for instance, Plaintiff stated that the heaviest weight she lifted at work was a can of paint. [Doc.

17, at 252]. Plaintiff argues that the ALJ erred in finding Dr. Goewey's opinion to be inconsistent with the medical evidence in the record, but in doing so Plaintiff heavily relies on representations about her physical condition that she made over a year after Dr. Goewey's examination. Even if the Court were to acknowledge that Plaintiff's January 2020 testimony supports a deterioration of her physical condition, this does not automatically retroactively legitimize recommendations made by Dr. Goewey on the basis of a physical examination he completed over a year prior. This is particularly true when, as the Magistrate Judge explained in detail, the ALJ determined that Dr. Goewey's recommendation was not consistent with Dr. Goewey's own examination of Plaintiff, let alone other information in the record available to the ALJ. [Doc. 33, at 11–14].

Further to this point, Plaintiff's argument that Dr. Goewey's opinion was "well-supported and consistent with other evidence in the record" [Doc. 34, at 5], even if taken as true, does not inherently mean that substantial evidence does not exist as to support the ALJ's determination. Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "By definition, this allows for a case in appropriate circumstances to be decided either way on the same record. The fact that a record may also possess substantial evidence to support a different conclusion than that reached by the ALJ or that a reviewing judge might have decided the case differently is irrelevant." *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

The Magistrate Judge properly acknowledged that the ALJ considered Dr. Goewey's physical examination of Plaintiff, Plaintiff's work and reported activities, as well as other evidence in the record, and it is not error on the part of the ALJ to consider such things in evaluating the reliability of Dr. Goewey's medical opinion. *See* 20 C.F.R. § 416.929(c)(3). With respect to

Plaintiff's reported daily life activities, Plaintiff argues that it is "unclear" how her daily life activities discredit Dr. Goewey's limitations or support the ALJ's conclusions. [Doc. 34, at 3]. She also argues that it is impermissible for the ALJ to focus on a claimant's "ability to do certain activities in discounting the treating source's opinion . . . when the claimant's testimony and other record evidence contradict the ALJ's finding." [*Id.* (citing *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) (citation omitted)]. However, as explained by the Magistrate Judge, the ALJ did not focus on Plaintiff's daily activities to the exclusion of the rest of the record in evaluating Dr. Goewey's opinion.[1] Rather, the ALJ considered a number of sources of evidence in determining that Dr. Goewey's opinion was not persuasive, and ultimately substantial evidence existed to support this determination. Therefore, the Court agrees with the Magistrate Judge that the ALJ's evaluation of Dr. Goewey's opinion was completed in accordance with the relevant SSA rules and regulations, and that contrary to Plaintiff's position, the ALJ did not mischaracterize evidence or improperly focus on Plaintiff's daily activities in order to find that Dr. Goewey's opinion was unpersuasive.[2]

With respect to the "one-time" nature of Dr. Goewey's medical examination, it is clear from both the record and the Magistrate Judge's opinion that the ALJ did not dismiss Dr. Goewey's

---

[1] In fact, the Magistrate Judge properly limited his discussion of the ALJ's consideration of Plaintiff's daily activities with the following caveat: "The Court notes that the ALJ discussed these activities as part of his analysis of the State Agency consultants' opinions, but it is still helpful, as it evidences that the ALJ considered Plaintiff's reported daily activities in addition to her reported work as a painter." [Doc. 33, at 13].

[2] Plaintiff takes further issue with the Magistrate Judge for "fail[ing] to explain how the intermittent use of ladders in 2019 or Plaintiff's statement in 2018 that the heaviest weight she ever lifted was a can of paint, discredited Dr. Goewey's limitations." [Doc. 34, at 3]. However, the ALJ expressly concluded that these activities were "inconsistent with the limitations Dr. Goewey assessed." [Doc. 17, at 24]. The role of the Court is only to determine whether the ALJ's decision was reached through the application of correct legal standards, and whether substantial evidence existed to support the ALJ's findings. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted). This is precisely what the Magistrate Judge did.

opinion solely on this basis, nor did the Magistrate Judge state it was a basis for disregarding Dr. Goewey's opinion. [*See* Doc. 17, at 24 ("I find Dr. Goewey's opinion unpersuasive. He conducted a one-time physical examination, **and the limitations he assessed are not consistent with his own examination findings or the treatment record as a whole**." (emphasis added)); Doc. 33, at 13 ("Plaintiff disagrees with the ALJ's consideration of this one-time examination and the effect it has on the persuasiveness of Dr. Goewey's opinion. Although Plaintiff would interpret the medical evidence differently, the Court finds that the ALJ's determination was within his 'zone of choice.'" (citations omitted))]. Rather, the Court agrees with the Magistrate Judge that the ALJ considered a number of factors in reaching a determination regarding the persuasiveness of Dr. Goewey's opinion. [Doc. 33, at 14]. In light of the foregoing, and for the reasons stated in the Report and Recommendation, the Court agrees with the Magistrate Judge that the ALJ's assessment of Dr. Goewey's medical opinion was overall supported by the record.

Next, Plaintiff argues that the Magistrate Judge's recommendation that the ALJ properly determined Plaintiff's mental limitations should be rejected. [Doc. 34, at 6–9]. Contrary to Plaintiff's assertion, the Court does not find that the ALJ interpreted raw medical data to independently determine Plaintiff's mental limitations when forming the conclusions expressed within Plaintiff's RFC. [Doc. 34, at 7]. As explained by the Magistrate Judge, the ALJ considered "Plaintiff's conservative and sporadic mental health treatment, noncompliance with medications, an improvement of Plaintiff's symptoms while on medication, mental health examinations, Plaintiff's work as a painter as well as her supervisory duties among other things." [Doc. 33, at 20]. The Court also does not agree with Plaintiff that the Magistrate Judge was "chastising" Plaintiff by referencing her failure to comply with continuing her mental health treatment. Rather, Plaintiff's history of non-compliance was a part of the evidence in the record that the ALJ

considered in evaluating the severity of Plaintiff's mental health limitations, which as the Magistrate Judge noted, were ultimately determined to be "severe" with respect to bipolar disorder and anxiety with panic attacks. [Doc. 17, at 14].

For the reasons stated in the Report and Recommendation and for the additional reasons set out above, the Report and Recommendation [Doc. 33] is **ADOPTED** and **APPROVED**.

ENTERED AS A JUDGMENT:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE

s/ *LeAnna R. Wilson*  
District Court Clerk